FOR THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOUNTAIN PRODUCTIONS, INC., <br><br>　　　　　　　　　　Plaintiffs, <br><br>　v. <br><br>USI INSURANCE SERVICES, LLC; <br>ERIN SHULL, Individually and as Agent of <br>　USI Insurance Services, LLC; and <br>ESTATE OF STEPHEN CICAK <br>　　　　　　　　　　Defendants. | CIVIL ACTION <br><br><br><br>NO.: |

## NOTICE OF REMOVAL

Under the authority provided by 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, USI Insurance Services, LLC and Erin Shull, Individually and as Agent of USI Insurance Services, LLC (collectively and singularly "USI), hereby remove to the United States District Court for the Middle District of Pennsylvania, the case captioned, Mountain Productions, Inc. v. USI Insurance Services, LLC, et al., Civil Action No. 202012482, Pennsylvania Court of Common Pleas, Luzerne County.

In support of removal, USI shows the following:

### INTRODUCTION

1.    On or about December 29, 2020, Plaintiff, Mountain Productions, Inc., sued USI Insurance Services, LLC; Erin Shull, Individually and as Agent of USI Insurance Services, LLC; and the Estate of Stephen Cicak in the Pennsylvania Court of Common Pleas, Luzerne County, Civil Action No. 202012482.  See Complaint (Ex. A).

2.    Mountain Productions has served no other documents on USI.

§

3. On or about January 5, 2021, Mountain Productions served USI Insurance Services, LLC with the Complaint, which is the initial pleading and attempts to set forth the basis of the claims against the Defendants.  See USI Insurance Services Proof of Service (Ex. B).

4. On or about January 11, 2021, Mountain Productions served Shull with the Complaint, which is the initial pleading and attempts to set forth the basis of the claims against the Defendants.  See Shull Proof of Service (Ex. C).

5. This matter arises from a claim made by Signal Perfection, Ltd. against Mountain Productions arising out of their Agreement that Mountain Productions would furnish materials, equipment, and labor to rig speakers at M&T Bank Stadium in Baltimore, Maryland.  See Complaint (Ex. A) at ¶ 6.

6. As part of their Agreement, Mountain Productions had to maintain certain coverages including general liability, errors and omissions, workers compensation, vehicle, and umbrella/excess insurances.  See id. at ¶ 7.

7. Signal Perfection notified Mountain Production that it believed Mountain Productions to be in breach of their Agreement because the brackets provided and installed by Mountain Productions were not of proper material and quality to withstand the outdoor elements. Id. at ¶ 13.

8. The cost to correct Mountain Productions' work exceeds $400,000.  Id. at ¶ 19.

9. After receiving the claim, Mountain Production allegedly contacted Defendants who "reviewed, interpreted and negotiated insurance policies, carriers, claims and terms" on its behalf.  Id. at ¶¶ 9, 15.

10. Defendants purportedly advised Mountain Productions that they did not believe that Signal Perfection's complaints amounted to a claim and therefore failed to timely report the claim to Kinsale Insurance Company. Id. at ¶¶ 8, 15.

11. After the claim was reported to Kinsale, Kinsale disclaimed coverage stating that Mountain Productions should have notified it of a potential claim earlier. Id. at ¶ 23.

12. Mountain Productions filed a two-count complaint alleging breach of fiduciary duty and professional negligence by Defendants led to the denial of coverage. Id. at ¶¶ 34-49.

13. Mountain Productions seeks "judgment against the Defendants . . . jointly and severally in an amount in excess of $50,000 together with interests and costs." Id. at Wherefore Clauses to Counts I and II.

**BASIS OF REMOVAL**

14. This case is properly removable to federal court because it involves a controversy among citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

**A.     Citizenship**

15. Plaintiff, Mountain Productions, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its office located in Wilkes-Barre, Pennsylvania. *See* Complaint (Ex. A) at ¶ 1.

16. For diversity purposes, Mountain Productions is a citizen of Pennsylvania.

17. A limited liability company's citizenship "is determined by the citizenship of its members." E.g., Lincoln Ben Life Ins. Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015).

18. Defendant USI Insurance Services, LLC is a single member LLC whose single member is USI, Inc. See Murray Decl. (Ex. D) at ¶ 3.

§

19. USI, Inc. is incorporated in Delaware and its principal place of business in Valhalla, New York. See id.

20. USI Insurance Services, LLC is therefore a citizen of Delaware and New York, not Pennsylvania, for diversity purposes. See 28 U.S.C. § 1332(c).

21. Defendant Erin Shull is a licensed insurance broker employed by USI Insurance Services, LLC with an office in Cincinnati, Ohio. See Complaint (Ex. A) at ¶ 3; Shull Decl. (Ex. E) at ¶ 3.

22. Defendant Erin Shull lives in Loveland, Ohio. Shull Decl. (Ex. E) at ¶ 2. ¶

23. Shull is therefore a citizen of Ohio, not Pennsylvania, for diversity purposes.

24. Under 28 U.S.C.A. § 1332(c)(2), for the purposes of establishing diversity of citizenship, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. . . ." E.g., Corrado v. Timber Ridge Health Care Ctr., No. 3:17-cv-123, 2017 U.S. Dist. LEXIS 80124, at *5, 14 (M.D. Pa. May 25, 2017).

25. Upon his death, Stephen Cicak was a resident of Florida and licensed insurance broker in Florida. See Complaint (Ex. A) at ¶ 4; Obituary (Ex. F).

26. The Estate is therefore a citizen of Florida, not Pennsylvania, for diversity purposes.

**B.    Amount in Controversy**

27. Mountain Productions is seeking coverage for the claim made by Signal Perfection.

28. Mountain Productions does not specify the exact amount of damages it is seeking, but asserts it is seeking over $50,000 for each defendant for each claim together with interests and cost. See Complaint (Ex. A) at Wherefore Clauses to Counts I and II.

29. When state practice does not permit demand for a specific sum, the notice of removal may assert the amount in controversy. See 28 U.S.C. § 1446(c)(2); Pa.R.Civ.P. 1021(b). Though the Complaint does not set an exact figure in controversy, that figure exceeds $400,000,

-4-

26483472v.1

§

the amount it allegedly costs to repair Mountain Productions' faulty work.  See Complaint (Ex. A) at ¶ 19.

30. Therefore, the amount in controversy exceeds the jurisdictional threshold of $75,000.

**C.  Unanimity of Defendants**

31. Under 28 U.S.C. § 1446(b)(2)(A), a civil action may be removed when "all defendants who have been properly joined and served" have joined in or consented to the removal. The consent must be in writing, and the removing party must include it with the Notice of Removal or file it separately with the Court.  Baldy v. First Niagara Pavilion, C.C.R.L., L.L.C., 149 F. Supp. 3d 551, 557 (W.D. Pa. 2015).

32. Prior to seeking removal, counsel for USI confirmed with Mountain Productions' counsel that Plaintiff has not served co-defendant, Estate of Stephan Cicak, with the Complaint.

33. USI's counsel has also researched whether anyone opened an estate in Florida where Mr. Cicak died.

34. There is no record of the estate being opened; therefore, the personal representative is either unknown or does not yet exist.

35. Since Mountain Productions did not serve the Estate (and since the Estate does not appear to exist), removal is appropriate without the Estate's consent.

**D.  Miscellaneous**

36. Under 28 U.S.C. § 1441(a), venue is appropriate in this Court since the jurisdiction of this Court includes Luzerne County, where the state action is pending.

37. The 30-day period within which USI was required to file this Notice of Removal has not yet lapsed as the earliest service was effectuated on January 5, 2021.  See USI Insurance

§

Services Proof of Service (Ex. B).  Therefore, the removal period lapses no earlier than February 4, 2021.

38. Consistent with the requirements of 28 U.S.C. § 1446(d), USI will promptly file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Luzerne County, where the action is currently pending.  See Notice to Prothonotary (Ex. G).

## CONCLUSION

39. Having met the requirements for diversity jurisdiction, USI removes the case Mountain Productions, Inc. v. USI Insurance Services, LLC, et al., Civil Action No. 202012482, Pennsylvania Court of Common Pleas, Luzerne County to the United States District Court for the Middle District of Pennsylvania on this 29th day of January 2021.

                                               WHITE AND WILLIAMS LLP

BY:   s/Christopher Leise
       Christopher P. Leise, Esquire
       Marc L. Penchansky, Esquire
       Id. Nos: 28768/88934
       1650 Market Street, Suite 1800
       Philadelphia, PA  19103
       Tel. No.: (215) 864-3646/6279
       Attorneys for Defendants,
       leisec@whiteandwilliams.com
       penchanskym@whiteandwilliams.com
       *Attorneys for Defendants,*
       *USI Insurance Services, LLC; and*
Date: February 1, 2021      *Erin Shull, Individually and as Agent of*
       *USI Insurance Services, LLC*

## **CERTIFICATE OF SERVICE**

I, Christopher Leise, Esquire, attorney for Defendants, USI Insurance Services, LLC; and Erin Shull, Individually and as Agent of USI Insurance Services, LLC hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Notice of Removal to be served upon Plaintiff's counsel below via the regular first class mail and email.

    Jerrett J. Ferentino, Esq.
    Pugliese, Finnegan, Shaffer & Ferentino LLC
    575 Pierce, Suite 500
    Kingston, PA  18704
    (570) 283-1800
    ferentino@fslawyer.com

    By Certified Mail to:

    Estate of Stephen Cicak
    20350 Talon Trace
    Estero, Fl 33928

                                    WHITE AND WILLIAMS LLP

                                BY:   _s/Christopher Leise_____
                                            Christopher P. Leise, Esquire
Dated:  February 1, 2021                Marc L. Penchansky, Esquire
                                            *Attorneys for Defendants,*
                                            *USI Insurance Services, LLC; and*
                                            *Erin Shull, Individually and as Agent of*
                                            *USI Insurance Services, LLC*